UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA/ SEATTLE

ALEXANDER F,

                Plaintiff,

    v.

ACTING COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. 2:22-cv-01312-TLF

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

        Plaintiff filed this action on March 5, 2020, pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's applications for Title XVI supplemental security income ("SSI") and Title II disability insurance benefits ("DIB"). AR 220, 222. She alleges an onset date of July 20, 2017. *Id.* Under 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by a Magistrate Judge. Dkt. 2. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 4, Complaint.

        The claims were denied initially and on reconsideration; Administrative Law Judge (ALJ) Elizabeth Watson conducted plaintiff's hearing on June 4, 2021. AR 33. The ALJ issued a written decision on June 30, 2021, and review was denied by the Appeals Council. Plaintiff appeals the June 30, 2021, decision of the ALJ.

        Plaintiff challenges only the portions of the ALJ's decision relating to mental health limitations. Dkt. 11, Opening Brief. Regarding mental health limitations, the ALJ

found plaintiff had the following severe impairments: "depressive disorder, anxiety disorder, panic disorder, somatic symptom disorder, personality disorder, post-traumatic stress disorder (PTSD) and gender dysphoria." AR 18.

The ALJ found plaintiff has residual functional capacity (RFC) to perform light work and would be "able to understand and carry out simple instructions consistent with reasoning level one or two." AR 20. The ALJ determined plaintiff "must avoid more than occasional contact with the general public, co-workers and supervisors." *Id.* And, the ALJ found plaintiff "is limited to a work environment with few changes." *Id.*

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

ISSUES

Whether the ALJ properly determined that the opinions of Dr. Bowes and Mental Health Counselor Collins were unpersuasive; and whether error, if any, was harmless.

DISCUSSION

**1. Medical evidence.**

Plaintiff asserts the ALJ erred by rejecting the opinions of examining psychologist Dr. Tasmyn Bowes (AR 306-319, opinion dated 2-13-2018) and Mental Health Counselor Meagan Collins (AR 1297, opinion dated 6-3-2021).

Under the 2017 regulations that apply in this case, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the ALJ must consider every medical opinion or prior administrative finding in the record and evaluate each opinion's persuasiveness. *Id*. The ALJ must explain with specificity how they considered the two most important factors of supportability and consistency in evaluating the medical opinions. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). Thus, under the new regulations "an ALJ cannot reject medical opinions or prior administrative medical findings as inconsistent or unsupported without providing an explanation supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022); 20 C.F.R. § 404.1520c.

Supportability is established if a medical source supports the medical opinion by explaining "relevant. . .objective medical evidence." 20 C.F.R. § 404.1520c(c)(1). Consistency is established if a medical opinion is "consistent. . .with the evidence from other medical sources and nonmedical sources in the claim." *Id*. § 404.1520c(c)(2); *Woods v. Kijakazi*, at 792. The ALJ is not required to make specific findings about a medical source's relationship with the claimant, for example, whether the medical source was the treating physician. *Id.* at 792-793. And a negative finding under one of

these two factors, consistency or supportability, would be sufficient for the ALJ to make a finding that the opinion is unpersuasive. *Id.,* at 793 n.4.

In this case, plaintiff argues the ALJ failed to properly consider the opinion of an examining psychologist, Dr. Tasmyn Bowes, and a treatment provider who was plaintiff's mental health counselor, Meagan Collins, MSW. Dkt. 11, Opening Brief, at 2. Plaintiff contends that the ALJ's decision is not supported by substantial evidence because the ALJ found that Dr. Bowes, and Counselor Collins, relied heavily on plaintiff's self-reports. Dkt. 11 at 7. Plaintiff argues Dr. Bowes and Counselor Collins relied on test results and health records – and did not rely solely on plaintiff's subjective, self-reported history. Dkt. 11 at 7-8, 11-12.

Plaintiff also contends the ALJ did not explain how activities of daily living, such as living with roommates and attending a social event where plaintiff would be a DJ, would be inconsistent with Dr. Bowes' and Counselor Collins' assessments of mental health limitations. *Id.* at 9-10, 13.

The Commissioner contends the ALJ relied on substantial evidence – including an assessment by Dr. Curtis Greenfield (AR 1172, report dated 3-14-2017), and Dr. Jan Lewis (AR 63-65, opinion dated 5-13-2020), along with a review (on reconsideration) of Dr. Jan Lewis' opinion by Dr. Matthew Comrie (AR 100-103, opinion dated 9-26-2020), when rejecting these opinions; the Commissioner also contends the ALJ was not required to parse supportability or consistency as long as the ALJ's meaning is "clear from the context". Dkt. 12, at 4 (quoting *Woods v. Kijakazi*, 32 F.4th at 793 n.4).

The record in this case shows that plaintiff was admitted to Harborview Hospital on emergency involuntary commitment due to suicidal thoughts, planning death by drug

4

overdose, and symptoms of mental health conditions during late 2019 (AR 326-330, 896-897). Also, treatment notes show the ARNP's, and mental health counsellors had difficulty managing plaintiff's symptoms with counselling and medication. E.g., AR 842 (Dr. Casas, 2-12-2020); AR 886-895 (Deidre McHugh, ARNP, and Meagan Collins, MSW, 12-17-2019 through 5-5-2020); AR 902-927 (Deidre McHugh, ARNP, Vanessa Zsadanyi, ARNP, and Meagan Collins, MSW, 4-29-2019 through 10-30-2019); AR 957, 960, 962, 965 (Samantha Poss, ARNP, management of medication side effects, increase and then subsiding suicidal thoughts, in early 2019); AR 1225 (notes of ARNP Deidre McHugh, indicating "medical interventions have been minimally helpful for patient's psychiatric symptoms", in June 2020); AR 1249 (notes of ARNP Fatima Saleem, that plaintiff was describing panic attacks and not leaving the residence except for twice in the past year, other than for groceries, dated 4-26-2021).

The ALJ found that Dr. Greenfield's assessment was persuasive. AR 23-24. Dr. Greenfield's assessment is dated March 14, 2017 – a few months before the alleged onset date of July 20, 2017. AR 1170. Dr. Greenfield found an overall severity of moderate and predicted a duration of 6-8 months with available treatment. AR 1172. Dr. Greenfield diagnosed plaintiff with "Adjustment Disorder, With mixed Anxiety and Depressed Mood", "Cannabis Use Disorder, Moderate"; and "Histrionic Personality Disorder" – Dr. Greenfield recommended a protective payee, due to plaintiff's use of THC. AR 1173.

Dr. Bowes examined plaintiff on February 13, 2018. AR 1175. They found plaintiff had been in treatment for the last three years but would require further psychotherapy, a psychiatric evaluation, and psychotropic intervention. AR 1179. Dr. Bowes found no

evidence of malingering, and estimated that with available treatment, plaintiff would have limitations for at least 18 months. AR 1177, 1179. Dr. Bowes determined that plaintiff could follow short and simple instructions and would be aware of normal hazards and take appropriate precautions. AR 1179. But Dr. Bowes also found plaintiff would have a severe limitation concerning the ability to perform activities on schedule and maintain regular attendance and punctuality; Dr. Bowes found many marked or severe impairments and opined an overall severity rating of "marked". *Id.*

Counsellor Collins stated that plaintiff's symptoms had been severe since at least May of 2017 – after the date of Dr. Greenfield's evaluation. AR 1299. Ms. Collins opined that plaintiff's understanding and memory were markedly impaired; while her ability to sustain concentration and persistence would be severely impaired. AR 1297. Ms. Collins found that although plaintiff had only moderate limitations in ability to be aware of normal hazards, and take necessary precautions, her ability to respond to change, or to set goals and plans, would be severely limited. She also had marked limitations in the ability to maintain socially appropriate behavior or travel in unfamiliar stings and use public transportation. AR 1298. Ms. Collins stated that plaintiff would be "expected to miss work more than twice a month due to their mental health conditions." *Id.*

The Court agrees with plaintiff that the analysis of the ALJ "cherry-picked" the medical documents and lasered in on those during periods (for example, in 2017) where plaintiff's symptoms were less severe. *See Ghanim v. Colvin,* 763 F.3d 1154, 1164 (9th Cir. 2014) (treatment records must be considered in light of the entire diagnostic record and should not be cherry-picked). As the Ninth Circuit has recognized, mental health providers may rely on self-reports, and mental health conditions may wax and wane.

*Buck v. Berryhill,* 869 F.3d 1040, 1049 (9th Cir. 2017); *Garrison v. Colvin,* 759 F.3d 995, 1017 (9th Cir. 2014). The activities cited by the ALJ – plaintiff attended mental counseling and treatment appointments where she was pleasant and interacted with health care providers in an appropriate way, played video games, listened to music, visited with friends, and had roommates -- are not inconsistent with the mental health symptoms and limitations that Dr. Bowes and Counsellor Collins found were experienced by plaintiff. Moreover, the symptoms may have waxed and waned.

The rejected medical opinion evidence the ALJ found unpersuasive was based on evaluations that occurred in 2018, and observations between 2019-2021 -- after Dr. Greenfield's 2017 assessment. Given that plaintiff was admitted for involuntary civil commitment in late 2019, and that the ALJ seems to have cherry-picked medical records and not appropriately considered the apparent increase in symptom severity – the Court finds the ALJ's determination that Dr. Bowes' and Counselor Collins' opinions were unpersuasive, is not supported by the record.

## 2. **Harmless error**

An error that is inconsequential to the non-disability determination is harmless. *Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006). If the errors of the ALJ result in a residual functional capacity (RFC) that does not include relevant work-related limitations, the RFC is deficient, and the error is not harmless. *Id* at 1052, 1054*; see also, Carmickle v. Comm'r. Soc. Sec. Admin.,* 533 F.3d 1155, 1160 (9th Cir. 2008); *Embrey v. Bowen,* 849 F.2d 418, 422-423 (9th Cir. 1988); *Stramol-Spirz v. Saul,* 848 Fed. Appx. 715, 718 (9th Cir. 2021) (unpublished). Ms. Collins stated, in 2021, that

plaintiff would be "expected to miss work more than twice a month due to their mental health conditions." *Id.* If the ALJ re-evaluates the medical evidence, there would potentially be a change in the hypothetical questions, as well as the RFC, formulated by the ALJ.

In this case, there is uncertainty about plaintiff's RFC and about any onset date, because of the medical record showing that plaintiff's condition took a severe turn for the worse in late 2019. The Court therefore reverses and remands for a de novo hearing for the Commissioner to re-evaluate whether the medical records show supportability and consistency of Dr. Bowes' opinion (from 2018 – after Dr. Greenfield, but before the admission to Harborview) and Counsellor Collins' opinion (based on multiple observations before plaintiff's involuntary commitment, and between plaintiff's release from Harborview in 2019, through the date of the opinion in 2021.)

### 3. Remedy

"'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

The Ninth Circuit emphasized in *Leon* that even when each element is satisfied, the district court still has discretion to remand for further proceedings or for award of benefits. *Leon*, 80 F.3d at 1045.

Based on a review of the record, the Court concludes that the record is not free from important and relevant conflicts, such as conflicts in the medical evidence. Therefore, this matter should be reversed for further administrative proceedings, including a *de novo* hearing, not with a direction to award benefits. *See id.*

9

CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ improperly determined plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and remanded for further administrative proceedings, including a de novo hearing to re-evaluate the opinions of Dr. Bowes, and Counsellor Collins, in light of the longitudinal evidence of plaintiff's mental illness, considering the medical record as a whole, and to allow for additional medical source evidence and testimony from plaintiff regarding mental conditions -- and impairments, symptoms, and limitations, associated with those mental health conditions.

Dated this 19th day of July, 2023.

Theresa L. Fricke
United States Magistrate Judge